[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10966

Non-Argument Calendar

_____

CRYSTAL CAMPBELL,

Plaintiff-Appellant,

*versus*

MAYO CLINIC INC.,

Defendant,

MAYO COLLABORATIVE SERVICES LLC.,

Defendant-Appellee.

_____

2                    Opinion of the Court                    23-10966

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:21-cv-00053-TCB

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Crystal Campbell appeals the district court's grant of summary judgment for Mayo Collaborative Services, LLC (Mayo) regarding her race and gender discrimination claims, brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2(a), and 42 U.S.C. § 1981. After careful review, we affirm.

We review a district court's grant of summary judgment de novo. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). Summary judgment is appropriate only when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether the movant has met this burden, courts must view the evidence in the light most favorable to the non-movant. *Alvarez*, 610 F.3d at 1263–64.

Among other things, Title VII prohibits employers from discriminating against an employee "because of" her race or sex. 42 U.S.C. § 2000e-2(a). Section 1981 prohibits employers from intentionally discriminating against employees based on their race during the making of contracts. 42 U.S.C. § 1981. Title VII and § 1981

discrimination claims are evaluated using the same analytical framework. *See Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 843 & n.11 (11th Cir. 2000). There are two theories of discrimination: single motive and mixed-motive. *See Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016).

Campbell brought both theories of discrimination and appeals the district court's determination on both theories. Regardless of the theory, Campbell must present facts sufficient to permit a jury to find there was intentional discrimination. *See Lewis v. City of Union City*, 918 F.3d 1213, 1220 (11th Cir. 2019) (en banc) (*Lewis I*). We will start with Campbell's single motive theory and then proceed to her mixed-motive theory.

### Single Motive

To prevail under a single motive claim based on circumstantial evidence,[1] a plaintiff must either satisfy the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), or by presenting "convincing mosaic" of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker as described in *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). Campbell argues that she can satisfy either. We disagree and address each in turn.

---

[1] A plaintiff can also present direct evidence of discriminatory intent. *See Lewis I*, 918 F.3d at 1220 n.6. But Campbell has not presented any direct evidence, so we do not discuss this avenue.

First, under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. 411 U.S. at 802. To establish a prima facie case of discrimination, the plaintiff must present evidence showing that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) the plaintiff was qualified for the job or benefit at issue and (4) the employer treated similarly situated employees who were not members of the plaintiff's class more favorably. *Lewis I*, 918 F.3d at 1220–21.

For the last element, the plaintiff must show that her employer treated similarly situated employees outside of her protected class more favorably. *Id.* at 1221. To meet that prong, a similarly situated comparator will ordinarily have engaged in the same basic conduct as the plaintiff, will have had the same supervisor, and will share the plaintiff's employment or disciplinary history. *Id.* at 1227–28.

If the plaintiff can establish a prima facie case of discrimination, the burden shifts to the employer "to articulate a legitimate, nondiscriminatory reason" for its action. *Id.* at 1221. If the employer articulates a legitimate, nondiscriminatory reason for its action, the burden then shifts back to the plaintiff employee to show that the employer's reason was merely a pretext for discrimination. *Id.*

Campbell cannot establish a prima facie case of discrimination because she could not identify comparators who were similarly situated in all material respects. *Lewis I*, 918 F.3d at 1218. To

begin, Campbell was placed on a Performance Improvement Plan (PIP), and none of Campbell's comparators—fellow Clinical Specialty Representatives (CSR) with Mayo in the Southern Region of the Gastroenterology/Infection Disease Division—had been placed on a PIP. This quickly defeats Campbell's comparator argument because no other comparators share the same disciplinary history. *See id*. at 1228.

Looking deeper into Campbell's employment history, she was consistently ranked lower than her proposed comparators in the CSR sales rankings for her region and her actual sales numbers fell far below theirs. Campbell asserts that her numbers and ranking would have been better had she had access to the Direct-to-Physician (DTP) program, which allowed physicians to send tests directly to Mayo rather than going through the hospital where the tests were performed. But none of the evidence suggests that use of the DTP would have helped her numbers; to the contrary, there is testimony in the record that the program was neither utilized often nor successful when utilized. Her floundering sales numbers and rankings, combined with her placement on a PIP, are examples of significant differences in work history from the comparators she identified. Thus, the district court did not err in finding that Campbell could not establish a prima facie case of discrimination under the *McDonnell Douglas* standard.[2]

---

[2] Even if Campbell could establish a prima facie case of discrimination, she cannot show that Mayo's legitimate, nondiscriminatory reason for terminating her—her continued poor job performance—was pretextual. Campbell did

Second, a plaintiff may alternatively survive summary judgment if she presents a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith*, 644 F.3d at 1328 (quotations omitted). "A convincing mosaic may be shown by evidence that demonstrates, among other things, (1) suspicious timing, ambiguous statements [], and other bits and pieces from which an inference of discriminatory intent might be drawn, (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019) (*Lewis II*) (internal quotations omitted).

Campbell has not presented "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by" William Robinson, the person who hired and fired Campbell. *Smith*, 644 F.3d at 1328 (quotations omitted). The crux of Campbell's argument is that Robinson was engaged in a suspicious, discriminatory campaign to find fault in her performance. But the circumstantial evidence to which Campbell alludes simply does not show that any of Robinson's actions were motivated by discrimination. Although not dispositive, Robinson interviewed with and hired her, noting that his first impression of her was that she was amicable and smart with an impressive

not perform at the level of her colleagues and has presented no circumstantial evidence that rebuts this fact or supports any reasonable inference that her race or sex was the real reason for her termination. *Alvarez*, 610 F.3d at 1265–66.

educational background.  What is more dispositive is the evidence that Robinson worked with Campbell to improve her job performance by organizing meetings in which she could participate, individually coaching her on her annual presentation, and setting goals for her to strive for both in her annual performance evaluation and her PIP.  Only after months of assistance in which Campbell did not show improvement and continued poor performance did Robinson move forward with terminating Campbell's employment.  The district court did not err in finding that Campbell could not support her discrimination claims under the convincing mosaic standard.

### Mixed-Motive

To survive summary judgment under a mixed-motive theory, the plaintiff must show that illegal bias was a motivating factor for an adverse employment action, even though other factors also motivated the action.  *Quigg*, 814 F.3d at 1235.  Courts must ask whether the plaintiff has identified "evidence sufficient to convince a jury that: (1) the defendant took an adverse employment action against the plaintiff; and (2) a protected characteristic was a motivating factor for the defendant's adverse employment action." *Id.* at 1239 (cleaned up).

Here, for the same reasons that Campbell cannot piece together a convincing mosaic of intentional discrimination, she also cannot show that discrimination played any role in Robinson's decision to terminate her employment. *See id.* at 1235.  The district court did not err in finding that Campbell could not support her discrimination claims under the mixed-motive theory.

Thus, we affirm the district court's grant of summary judgment for Mayo.

**AFFIRMED.**